

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

### Northern District of Illinois

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| | ) | Case Number:    10 CR 1053 |
| Israel Hernandez | ) | USM Number:    42629-424 |
| | ) | Robert L. Rascia |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    One of the indictment

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §846 | Conspiracy to possess with the intent to distribute a controlled substance | 8/2010 | One |

     The defendant is sentenced as provided in pages 2 through    9    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)    all remaining counts    ☐ is    X are    dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 3, 2012
Date of Imposition of Judgment

_____
Signature of Judge

Gary Feinerman, United States District Court Judge
Name and Title of Judge

January 5, 2012
Date

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 9

DEFENDANT: Israel Hernandez
CASE NUMBER: 10 CR 1053

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

20 months as to Count One of the indictment.

[X] The court makes the following recommendations to the Bureau of Prisons:
That the defendant be housed at a facility near Chicago, Illinois (e.g., Pekin, Illinois or Oxford, Wisconsin) and that the defendant be allowed to participate in a Residential Drug Treatment Program.

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
   [ ] at _____ [ ] a.m. [ ] p.m. on _____.
   [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before 2 p.m. on _____.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 9

DEFENDANT: Israel Hernandez
CASE NUMBER: 10 CR 1053

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 4 years as to Count One of the Indictment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: Israel Hernandez
CASE NUMBER: 10 CR 1053

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in a Drug Aftercare Program, which may include urine testing, at the discretion of the probation officer.

Any remaining financial obligation upon release from custody shall be paid in monthly payments at a rate of 10% of defendant's net monthly income.

If the defendant is unemployed after the first sixty days of supervision, or if unemployed for sixty days thereafter or lay-off from employment, he shall perform at least twenty hours of community service work per week at the direction of and in the discretion of the United States Probation Office until gainfully employed.

DEFENDANT:
CASE NUMBER:

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| TOTALS | $ | $ |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 10 CR 1053 |
| ) | Judge Gary Feinerman |
| ISRAEL HERNANDEZ ) | |

PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 21, United States Code, Section 853 and Fed. R. Crim. P. 32.2, and the Court being fully informed hereby finds as follows:

(a) On December 15, 2010, an indictment was returned charging defendant ISRAEL HERNANDEZ with violations of the Controlled Substances Act pursuant to the provisions of 21 U.S.C. § 846, among other violations;

(b) The indictment sought forfeiture to the United States of certain property pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2);

(c) On April 25, 2011, pursuant to Fed R. Crim. P. 11, defendant ISRAEL HERNANDEZ entered a voluntary plea of guilty to Count One of the indictment;

(d) Pursuant to the terms of the plea agreement and as a result of his violation of 21 U.S.C. § 846, defendant ISRAEL HERNANDEZ agreed that funds in the amount of $6,459 are subject to forfeiture pursuant to the provisions of 21 U.S.C. § 853(a)(1) and (2), as property constituting or derived from proceeds obtained, directly or indirectly, as a result of his violation of 21 U.S.C. § 846;

(e) Defendant ISRAEL HERNANDEZ has agreed to the entry of a preliminary order of forfeiture, before or at the time of sentencing, relinquishing any right, title or interest he has in the

foregoing property;

(f) If any of the funds in the amount of the $6,459 money judgment entered against defendant ISRAEL HERNANDEZ as a result of any act or omission of the defendant:

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third party;

3. has been placed beyond the jurisdiction of the court;

4. has been substantially diminished in value, or

5. has been commingled with other property which cannot be divided without difficulty;

the United States shall request that this Court order the forfeiture of any other property belonging to the defendant up to the value of $6,459 pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2, in order to satisfy the money judgment entered by the Court;

(g) The United States requests that this court enter a judgment against the defendant ISRAEL HERNANDEZ in the amount of $6,459 and further enter a preliminary order of forfeiture as to the foregoing funds;

(h) The United States requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant ISRAEL HERNANDEZ and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, a judgment is entered against defendant ISRAEL HERNANDEZ in the amount of $6,459;

2. That, pursuant to the provisions of 21 U.S.C. § 853(a) (1) and (2) and Fed. R. Crim. P. 32.2, all right, title and interest of defendant ISRAEL HERNANDEZ in the funds in the amount of $6,459, is hereby forfeit to the United States of America for disposition according to law;

3. The terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant ISRAEL HERNANDEZ and shall be made part of any judgment and commitment order entered in this case against him;

4. This court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
GARY FEINERMAN
United States District Judge

DATED: 1-5-2012

DEFENDANT: Israel Hernandez
CASE NUMBER: 10 CR 1053

Judgment — Page 9 of 9

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** [X] Lump sum payment of $ 100.00 due immediately, balance due

    [ ] not later than _____ , or
    [ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

**B** [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

**C** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:
    SEE ORDER PRELIMINARY ORDER OF FORFEITURE ATTACHED.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.